UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY G. ASEMANI, | No. 2:18-cv-2413-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| THE ISLAMIC REPUBLIC OF IRAN, | |
| Defendant. | |

Plaintiff Billy Asemani, who proceeds in this action without counsel,[1] filed this case against defendant The Islamic Republic of Iran on August 31, 2018. (ECF No. 1.) After carefully reviewing plaintiff's complaint, the court concludes that the action should be transferred to the United States District Court for the District of Columbia.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

---
[1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

By virtue of this case, plaintiff, who is incarcerated in Westover, Maryland, appears to attempt to enforce a Maryland state court judgment against defendant The Islamic Republic of Iran. However, plaintiff's complaint fails to demonstrate that this district is the proper venue for the action. For purposes of 28 U.S.C. § 1391(b)(1), defendant, a foreign country, plainly does not reside in this district. Indeed, defendant's only representatives in the United States are located in Washington D.C. (the Interests Section of The Islamic Republic of Iran, located at 1250 23rd St.. #200 N.W., Washington, D.C. 20037). Additionally, for purposes of 28 U.S.C. § 1391(b)(2), even though plaintiff alleges that some of defendant's assets may be located in California, that allegation is entirely speculative and certainly fails to demonstrate that a *substantial* part of the property at issue is located in California, let alone in the Eastern District of California. Furthermore, 28 U.S.C. § 1391(b)(3) does not apply in this case, because there is another district in which defendant has some representative presence—the District of Columbia.

Therefore, the court transfers this action to the District of Columbia pursuant to 28 U.S.C. § 1406(a). In transferring this action, this court expresses no opinion regarding the merits of plaintiff's claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The action is TRANSFERRED to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a).
2. The Clerk of Court shall close this case.[2]

IT IS SO ORDERED.

Dated: September 26, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is instructed to direct any filings or inquiries related to this case to the United States District Court for the District of Columbia. *Plaintiff is cautioned that further filings in the Eastern District of California related to this case will be disregarded.*

2